UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY BOLDEN,

        Plaintiff,          Civil No. 2:23-cv-12497
                                            Honorable Paul D. Borman

v.

WARDEN JOHN DOE A, et al.,

        Defendants.
_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL

This is a 42 U.S.C. § 1983 action transferred from the Western District of Michigan. Michigan prisoner Gregory Bolden (Plaintiff) is presently confined at the Gus Harrison Correctional Facility in Adrian, Michigan. The events giving rise to Plaintiff's action occurred during his incarceration at the Macomb Correctional Facility (MRF) in Lenox Township, Michigan. Plaintiff sues the following Michigan Department of Corrections (MDOC) staff members at MRF: Warden John Doe A; Deputy Warden John Doe B; Assistant Deputy Warden John Doe C; Sergeants Unknown Ford, Unknown Sims, and Unknown Purdom; Hearing Officers John Does K and L; Correctional Officers Unknown Bleil, Unknown Loxton, Unknown Smirrnof, Unknown Beck; and Unknown Martinez; Unknown Grievance

Coordinator; Nurse Supervisor John Doe E; and Nurse John Doe D.[1] (Compl., ECF No. 1, PageID.2–3).

Having reviewed the matter and for the reasons stated herein, the Court dismisses the Complaint, in part, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and on the basis of immunity.

I.

Plaintiff has been granted *in forma pauperis* status. (ECF No. 6). Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to, *sua sponte*, dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31

---

[1] In its order transferring the Complaint, the Western District Court dismissed Plaintiff's claims against the MDOC, Director Heidi Washington, Governor Gretchen Whitmer, and Michigan Parole Board (MPB), referred to as John Does F, G, H, I, and J. (ECF No. 3.)

2

(1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused

by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

II.

First, Plaintiff's claims against Defendant Unknown Grievance Coordinator must be dismissed. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See Monell v. Dep't of Social Svs.*, 436 U.S. 658, 691–92 (1978) (Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995) (the plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).

Plaintiff does not explain how the MRF Grievance Coordinator was personally involved in violating his constitutional rights. Plaintiff simply names the Grievance Coordinator in the Complaint's caption without providing any specific allegations of personal involvement, which is insufficient to state a claim. *See Gilmore v. Corr. Corp. of America*, 92 F. App'x 188, 190 (6th Cir. 2004) (concluding that merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is insufficient to satisfy basic pleading

4

requirements). Therefore, the Court will dismiss Defendant Grievance Coordinator from the Complaint.

Second, to the extent that Plaintiff challenges the efficacy of the grievance process, he fails to state a claim. The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. Plaintiff, however, has no due process right to file a prison grievance.

Courts have repeatedly held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy*, 30 F. App'x 568, 569–70 (6th Cir. 2002); *Carpenter v. Wilkinson*, No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Because Plaintiff has no liberty interest in the grievance process, any claim challenging the effectiveness of the administrative grievance process fails.

Third, Plaintiff's claims against Defendants Hearing Officers John Does K and L must be dismissed on the basis of immunity. Plaintiff alleges that Hearing Officers John Does K and L retaliated against him by finding him guilty of a false misconduct ticket. Plaintiff alleges that Hearing Officers John Does K and L were the acting hearing officers during the misconduct hearing.

5

Plaintiff's claims against these Defendants fail because Michigan prison hearing officers are entitled to "'absolute judicial immunity from liability with respect to their judicial acts.'" *Goldsmith v. Sharrett*, 614 F. App'x 824, 827 (6th Cir. 2015) (quoting *Shelly v. Johnson*, 849 F.2d 228, 229-30 (6th Cir. 1988)). Therefore, Defendants John Does K and L are absolutely immune from suit for their findings and determinations at Plaintiff's misconduct hearing and these claims must be dismissed.

Fourth, Plaintiff's claim against Defendant Sims based on verbal harassment is not actionable under § 1983. Plaintiff alleges that Defendant Sims teased him and made fun of his mental health issues. (ECF No. 1, PageID.13). Allegations of verbal abuse and harassment by a prison official towards an inmate do not constitute cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution and are therefore insufficient to state a claim under 42 U.S.C. § 1983. *Ivey v. Wilson*, 832 F.2d 950, 954–55 (6th Cir. 1987); *Davis v. Mich. Dep't. of Corr.*, 746 F. Supp. 662, 667 (E.D. Mich. 1990). A verbal threat is actionable under § 1983 only if it amounts to assault, results in physical harm, or is part of a pattern of unnecessary and wanton abuse. *See Guzinski v. Hasselbach*, 920 F. Supp. 762, 764, n.1 (E.D. Mich. 1996) (internal citation omitted). Plaintiff makes no such allegation here. Therefore, the Court dismisses Plaintiff's verbal harassment claim against Defendant Sims.

Lastly, the Court finds that Plaintiff's claims against Warden John Doe A; Deputy Warden John Doe B; Assistant Deputy Warden John Doe C; Sergeants Unknown Ford, and Unknown Purdom; Correctional Officers Unknown Bleil, Unknown Loxton, Unknown Smirrnof, Unknown Beck; and Unknown Martinez; Nurse Supervisor John Doe E; and Nurse John Doe D concerning violations of Plaintiff's First, Eighth, and Fourteenth Amendment rights are not subject to summary dismissal.  While Plaintiff may or may not ultimately prevail on those claims, he has pleaded sufficient facts to state potential claims for relief.

III.

For the reasons stated, the Court **DISMISSES** Defendants Unknown Grievance Coordinator, Sergeant Sims, and Hearing Officers John Does K and L from this action as they no longer have valid pending claims for relief against them.

The Court further **DISMISSES** Plaintiff's claims regarding the grievance process for failure to state a claim.

The Court further concludes that Plaintiff's claims against Warden John Doe A; Deputy Warden John Doe B; Assistant Deputy Warden John Doe C; Sergeants Unknown Ford, and Unknown Purdom; Correctional Officers Unknown Bleil, Unknown Loxton, Unknown Smirrnof, Unknown Beck; and Unknown Martinez; Nurse Supervisor John Doe E; and Nurse John Doe D concerning violations of Plaintiff's First, Eighth, and Fourteenth Amendment rights survive the Court's initial

screening process under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A and are not subject to summary dismissal.

**IT IS SO ORDERED**.

                                                        s/Paul D. Borman  
                                                        PAUL D. BORMAN  
                                                        United States District Judge

Dated:  December 20, 2023